No. 3364

Second Circuit

STEVENS v. LONE STAR GAS CO.

(January 21, 1929. Opinion and Decree.)

R. W. Oglesby, of Winnfield, attorney for plaintiff, appellee.

Moss and Moss, of Winnfield, attorneys for defendant, appellant.

## STATEMENT OF THE CASE.

REYNOLDS, J. Plaintiff, F. L. Stevens, sued defendant, Lone Star Gas Company, to recover judgment for the amount of the principal of five promissory notes with legal interest on each of them from its maturity until paid and 10 per cent additional as attorney's fees.

The notes are all signed by defendant, are all dated February 2, 1927, and all are endorsed in blank by The Brenard Manufacturing Company, to the order of which they all are drawn payable. Four are for the sum of $65.00 each and are made payable, respectively, three, four, five and six months after their date, and the fifth is for the sum of $35.00 and is made payable seven months after its date. All five notes contain the stipulation that "in case of default in payment I agree to pay payee's reasonable attorney fees."

Plaintiff alleges he acquired the notes for value before their maturity in due course of business.

The defense is—

"* * * that the signing of said notes was obtained through fraud, error and misrepresentation by plaintiff's agent; also denies liability thereon for the reason that the merchandise purchased was not saleable, worthless, and could not be disposed of by defendant at all; and that there is a failure of consideration; and that plaintiff had knowledge of the character of business done by Brenard Manufacturing Company, and had handled notes taken by it in the course of its business on different occasions. The defendant returning to said Brenard Manufacturing Company the merchandise when same was found to be worthless and in a few days after same was received by them; that plaintiff was used as a go-between to collect said notes, and under the law defendants had the right to urge all equities against the collection of said notes that they would have had if the Brenard Manufacturing Company had brought the suit."

On these issues the case was tried and there was judgment in favor of the plaintiff and against the defendant for $295.00 with legal interest thereon from September 2, 1927, until paid, and the costs of suit, and the defendant appealed.

## OPINION.

We will first consider plaintiff's contention that he was a purchaser for value before maturity in due course; for if he was, the defenses pleaded by defendant become immaterial.

The notes have all the characteristics of negotiable instruments and we do not understand defendant to contend otherwise.

Defendant's contention is that plaintiff is an alter ego of The Brenard Manufacturing Company and that therefore he is entitled to prove as against plaintiff the defenses set up.

The only evidence as to the character of plaintiff's title is that of the plaintiff himself whose deposition was taken under deposition.

He testified that he was fifty years of age, an attorney at law by profession and engaged in active practice of the law in the city of Iowa City, Iowa, and that he

was also a dealer in investments and commercial paper; that The Brenard Manufacturing Company was a partnership composed of Theodore O. Loveland and James L. Records, both residents of Iowa City, and that he had known both individuals for more than twenty years; that he had never owned any interest of any sort in The Brenard Manufacturing Company, and that he had never been employed either by The Brenard Manufacturing Company or either of the partners in any capacity whatever; that he had never borrowed any money from or loaned any money to The Brenard Manufacturing Company or either of the partners, and that he was not related in any way to either Loveland or Records; that there was not and never had been any connection between him and The Brenard Manufacturing Company or either of the partners or any of it or their enterprises; that the only business dealings he had with The Brenard Manufacturing Company was the purchase from it of certain promissory notes from time to time.

He further testified that he purchased the notes in controversy here from The Brenard Manufacturing Company on March 18, 1927. That Mr. Theodore O. Loveland informed him that he had some notes for sale and asked him if he was in position to buy them and that after some discussion between them as to the number of the notes and their face value and the discount at which they were offered for sale he bought them; that he knew, in a general way, that the notes had been given to The Brenard Manufacturing Company in payment for goods sold by them to the makers of the notes, but had no idea what particular merchandise they represented the price of, except that he knew The Brenard Manufacturing Company were dealers in phonographs and phonograph supplies and radios and radio supplies.

He further testified that none of the notes sued on here were attached to any contract; that when he purchased the notes he was not aware of any dispute between The Brenard Manufacturing Company and defendant about them, and that he would not have bought them had he known of any such dispute.

He also testified that on March 18, 1927, he purchased from The Brenard Manufacturing Company promissory notes, of which those in controversy here formed part, aggregating $5,384.66 and paid therefor $4,850.00. That he paid the price by check on the Iowa City Savings, and he attached to his deposition an exact copy of the check and marked it "Exhibit 1."

In answer to cross-examination he stated that he was not related either by blood or marriage with Theodore O. Loveland or James L. Records. That the first notes he had purchased from The Brenard Manufacturing Company was in the year 1926, and that he had never gotten any notes from The Brenard Manufacturing Company except by buying them outright and paying real money for them, and that he had never brought suit on any note that he had gotten from The Brenard Manufacturing Company which he had not purchased from that company outright and which was not his own property.

He further testified that he had never made a collection for The Brenard Manufacturing Company and that there was not any suit by him pending anywhere in Louisiana on a promissory note obtained by him from The Brenard Manufacturing Company for which he had not given value or for the purpose of making a collection for The Brenard Manufacturing Company.

There is no evidence in the record even contradicting the testimony of plaintiff.

By Section 52 of the Negotiable Instruments Law. (Act No. 64 of 1904):

"A holder in due course is a holder who has taken the instrument under the following conditions:

"1. That it is complete and regular on its face;

"2. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact;

"3. That he took it in good faith and for value;

"4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

The plaintiff possessed all these qualities quoad the notes.

Section 24 of the Act provides that—

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration."

And Section 28 that—

"Absence or failure of consideration is matter of defense" only against any person not a holder in due course.

We are of the opinion that the plaintiff acquired the notes sued on before maturity in due course for value and that the defenses set up by defendant cannot be interposed to them. And this conclusion renders it unnecessary for us to consider these defenses.

The judgment appealed from does not allow attorney's fees and in brief plaintiff has asked us to amend the judgment so as to allow attorney's fees of 10% on the amount of the judgment. But plaintiff has neither appealed from the judgment nor answered defendant's appeal and we are powerless to amend the judgment in his favor.

It is therefore ordered, adjudged and decreed that the judgment appealed from be affirmed.